Charles H. Chevalier
J. Brugh Lower
GIBBONS P.C.
One Gateway Center
Newark, New Jersey 07102-5310
(973) 596-4500

*Attorneys for Plaintiffs Adapt Pharma Operations Limited, Adapt Pharma Inc., Adapt Pharma Limited, and Opiant Pharmaceuticals, Inc.*

Liza M. Walsh
Hector D. Ruiz
Eleonore Ofosu-Antwi
William T. Walsh, Jr.
WALSH PIZZA O'REILLY FALANGA LLP
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, New Jersey 07102
(973) 757-1100

*Attorneys for Defendants Teva Pharmaceuticals USA, Inc. and Teva Pharmaceutical Industries Ltd.*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **ADAPT PHARMA OPERATIONS LIMITED, ADAPT PHARMA INC., ADAPT PHARMA LIMITED and OPIANT PHARMACEUTICALS, INC,**<br><br>**Plaintiffs,**<br><br>**V.**<br><br>**TEVA PHARMACEUTICALS USA, INC. and TEVA PHARMACEUTICALS INDUSTRIES LTD.**<br><br>**Defendants.** | **Civil Action No. 18-cv-05752-BRM-JAD**<br><br>**STIPULATED DISCOVERY CONFIDENTIALITY ORDER**<br><br>**(Filed Electronically)** |

WHEREAS, Plaintiffs Adapt Pharma Operations Limited ("Adapt Limited"), Adapt Pharma Inc. ("Adapt Inc."), Adapt Pharma Limited ("Adapt Pharma," collectively with Adapt Limited and Adapt Inc., "Adapt"), and Opiant Pharmaceuticals Inc. ("Opiant," collectively with Adapt., "Plaintiffs") and Defendants Teva Pharmaceuticals USA, Inc. ("Teva USA") and Teva Pharmaceuticals Industries Ltd. ("Teva Ltd.," collectively with Teva USA, "Teva" or "Defendants"), are the parties to Civil Action No. 18-cv-5752-BRM-JAD (the "action" or "litigation");

WHEREAS, the parties to this action believe that one or more of them will or may be required to disclose to another party certain documents, things, and information that constitute or contain trade secrets, technical know-how, or other confidential or proprietary research, development, business, commercial, or financial information relating to the subject matter of this action;

WHEREAS, the parties consider such information to be confidential and proprietary within the meaning of Fed. R. Civ. P. 26(c)(7), *Pansy v. Borough of Stroudsburg,* 23 F.3d 772 (3d Cir. 1994) and *Glenmede Trust Co. v. Thompson,* 56 F.3d 476 (3d Cir. 1995) and, therefore, mutually desire that a Discovery Confidentiality Order limiting use, access to, and disclosure of such information be entered;

WHEREAS, to preserve the legitimate business interests of the parties or nonparties in their confidential information without unduly encroaching upon the public's right to be informed of judicial proceedings in accordance with Local Civil Rule 5.3;

WHEREAS, a party seeking to protect information filed under seal with the Court must show good cause for sealing that part of the record, in accordance with Local Civil Rule 5.3;

WHEREAS, the parties contemplate that confidential information produced in this action may be produced by a nonparty, and the parties also seek to facilitate the production and protection of such confidential information;

WHEREAS, the parties have exchanged and/or expect to exchange discovery in connection with this matter and recognize that confidential information may be disclosed in the course of this discovery, and in other proceedings in this matter;

WHEREAS, the parties desire to limit the extent of disclosure and use of such confidential information, and to protect such confidential information from unauthorized use and/or further disclosure, and wish to ensure that no advantage is gained by any party by the use of such confidential information which could not have been gained had discovery in this action not occurred;

WHEREAS, this action involves highly technical subject matter requiring discovery of trade secrets and proprietary information pertaining to, among other things, drug formulations, manufacturing processes and techniques, scientific research and development, and other sensitive competitive information; and

WHEREAS, the parties have consented to the entry of this Discovery Confidentiality Order pursuant to Fed. R. Civ. P. 26(c)(7) and Local Civil Rule 5.3 and the Court having considered the foregoing and for good cause shown,

IT IS on this ___ day of _________, 2020,

ORDERED, that the following provisions shall govern the conduct of further proceedings in this action:

**Definitions**

1. (a) The term "Confidential Information" shall mean any tangible thing or oral testimony that contains or reveals what a party or nonparty considers to be its trade secret; business confidential, scientific, clinical, regulatory, or technical information; or proprietary information (but excluding publicly available information). For the avoidance of doubt, "Confidential Information" includes, nonpublic information relating, referring to, or concerning: (1) marketing, sales, revenues, profits, forecasts, or business plans or strategies; (2) any past, current, or future products; (3) past, current, or future plans regarding treatment indications for naloxone-containing drug products other than the treatment indications for which United States Food and Drug Administration ("FDA") approval is or has been sought; and (4) Adapt Limited's NDA No. 208411, Defendants' ANDA No. 211561, and/or any associated products. Confidential Information may include, without limitation, documents produced in this action, during formal discovery or otherwise; information of nonparties which the producing or designating party is under an obligation to maintain in confidence; initial disclosures; answers to interrogatories and responses to requests for admission or other discovery requests; deposition or hearing transcripts; affidavits; exhibits; experts' reports; memoranda of law; and tangible things or objects that are designated confidential pursuant to this Order. The information contained therein and all copies, abstracts, excerpts, analyses, notes or other writings that contain, reflect, reveal or otherwise disclose such confidential information shall also be deemed "Confidential Information." Information originally designated as "Confidential Information" shall not retain that status after any ruling by the Court denying such status to it. Each party shall act in good faith in designating information as "Confidential Information."

(b) The term "party" means Plaintiffs and/or Defendants.

(c) The term "producing party" means the party or nonparty producing documents or information as Confidential Information under this Order.

(d) The term "receiving party" shall mean the party to whom Confidential Information is produced.

**Designation of Confidential Information**

2. Each producing party who produces or discloses any material that it believes comprises Confidential Information may so designate it by marking the document, information, thing, or portion thereof containing the information "CONFIDENTIAL." Deposition testimony will be treated as Confidential Information unless otherwise designated, confidentiality is waived or reduced either on the record during the deposition or within twenty-five (25) calendar days after receipt of the transcript, or the court orders that such testimony is not Confidential. Each transcript shall be prominently marked on the front page with a statement that provides "THIS DEPOSITION TRANSCRIPT CONTAINS CONFIDENTIAL INFORMATION SUBJECT TO DISCOVERY CONFIDENTIALITY ORDER." For non-written material, such as recordings, magnetic media, photographs, and things, a legend substantially in the above form shall be affixed to the material, or a container for it, in any suitable manner.

3. If any Confidential Information is produced by a nonparty to this litigation, such a nonparty shall be considered a producing party within the meaning of that term as it is used in the context of this Order and each of the parties shall be treated as a receiving party. Any nonparty that produces or discloses any material that it believes comprises Confidential Information may so designate it by marking the document, information, thing, or portion thereof containing the information as "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY." If the nonparty marks information "CONFIDENTIAL," the information shall be subject

to the restrictions on the disclosure specified herein. If the nonparty designates the information as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," the information shall be subject to the restrictions on the disclosure specified herein, and the receiving party shall not disclose, summarize, describe, reveal, or otherwise make available, in whole or in part, the information to the persons subject to Paragraph 7(a)(ii). All requests to seal documents with the Court shall comply with Local Civil Rule 5.3.

4. In the event any producing party produces Confidential Information that has not been designated as such or not correctly designated, the producing party may, within a reasonable period of time, designate or redesignate the information to the same extent as it may have designated the information before production, by a subsequent notice in writing specifically identifying the redesignated information, in which event the parties shall henceforth treat such information in accord with this Order, and shall undertake their best efforts to correct any disclosure of such information contrary to the redesignation, including retrieving any documents from persons not qualified to receive them under the redesignation and informing such persons that they should not further use or disseminate the information thereon. No demonstration or proof of error, inadvertence, or excusable neglect by the designating party shall be required for such redesignation.

5. Notwithstanding the provisions of Paragraph 4, if any document or information is: used during a deposition; used as an exhibit to a filing with the Court; identified for potential use at trial, including in expert reports or discovery responses; or otherwise disclosed to the Court, by any party, then the producing party will be entitled to relief under Paragraph 4 only if the producing party makes a claim of inadvertent production within thirty (30) calendar days after such use or identification of the document or information.

6. A party shall not be obligated to challenge the propriety of any designation of Confidential Information at the time the designation is made, and failure to do so shall not preclude a subsequent challenge to the designation. In the event that any party to this action disagrees at any stage of this action with any designation, such party shall provide written notice of its disagreement with the designation to the producing party. The parties shall first try to dispose of such dispute in good faith on an informal basis without judicial involvement. If the dispute cannot be resolved, the party challenging the designation may request appropriate relief from the Court within ten (10) business days after written notice is provided. The burden of proving that information has been properly designated is on the producing party. However, the parties agree that material that (i) can be shown to be generally available to the public at the time of such designation; (ii) becomes part of the public domain or publicly known or available by publication or otherwise not as the result of any unauthorized act or omission on the part of the non-designating party; or (iii) is thereafter disclosed to the non-designating party by a third party as a matter of right, shall not constitute Confidential Information.

**Disclosure and Use of Confidential Information**

7. (a) Subject to Paragraphs 10-14, Confidential Information of the producing party may be disclosed, summarized, described, revealed, or otherwise made available in whole or in part only in accordance with the terms of this Order, and only to the following persons:

(i) outside counsel of record for Plaintiffs and Defendants, as well as their clerical staff (including paralegals);

(ii) three (3) designated in-house attorneys or personnel responsible for intellectual property matters ("IP personnel") each for Adapt and Opiant, and three (3) designated in-house attorneys or IP personnel for Teva, as well as clerical staff (including paralegals) for such

in-house attorneys and IP personnel, who have a need to know Confidential Information to fulfill their duties and responsibilities in connection with this litigation, provided such in-house attorneys and IP personnel have complied with Paragraph 13 hereof, the designated in-house attorneys and/or IP personnel for the parties being as follows:

For Adapt: Jennifer Fox;

For Opiant: To be determined;

For Teva: Joseph Crystal, Colman Regan;

who, after receipt of Confidential Information, and in addition to the other terms of this Discovery Confidentiality Order, shall not use any other party's or any nonparty's Confidential Information for any purpose other than in connection with this litigation, and shall not disclose any other party's or any nonparty's Confidential Information to any third party, including, but not limited to, the FDA and the PTO.

(iii) independent experts and consultants and their staff (excluding current and former directors and officers or employees of the parties) retained to assist counsel for the parties in the conduct of this litigation, provided such persons have complied with Paragraph 13 hereof;

(iv) witnesses in this action who are currently directors, officers, employees, or corporate designees of the producing party under Fed. R. Civ. P. 30(b)(6), but only at deposition or trial;

(v) witnesses in this action (including, but not limited to, those who were formerly directors, officers, employees or experts of the producing party, but only for those witnesses if the Confidential Information was in existence during the period of his or her service or employment and foundation is established that the witness was involved in the project to which

the Confidential Information relates so that it is reasonable that the witness had access to the Confidential Information during the course of his or her service or employment) and their counsel, provided that the information was authored by, created by, addressed to, received by, signed by, or is otherwise established to have been known to the witness; but only at deposition, trial, or court hearing, and the good faith preparation therefor;

(vi) the Court and its employees and the jury;

(vii) court reporters and videographers;

(viii) vendors retained to assist counsel for the parties in the conduct of this litigation, including photocopy services, professional translators who are retained by the attorneys for the parties for the purposes of this litigation, graphics or design consultants retained to prepare demonstrative or other exhibits for use in this action, non-technical jury or trial consultants and persons employed or retained by them solely in providing litigation support services to the parties' outside counsel law firms, document imaging and database services and consultants retained to set up, maintain and/or operate litigation databases for this litigation; and

(ix) any others as ordered by the Court or to whom the producing party has given written consent.

(b) Subject to Paragraphs 13-15, any person identified in Paragraph 7(a)(i) and (ii) and any person associated with Plaintiffs or Defendants and permitted to receive Confidential information pursuant to Paragraph 7(a) herein, who obtains, receives, has access to, or otherwise learns, in whole or in part, Confidential Information under this Order:

(i) shall not prepare, prosecute, or assist in the drafting or amending of patent claims in any domestic or foreign patent application pertaining to naloxone nasal spray formulations, devices for use thereof, or methods of use thereof during the pendency of this case

and for one year after the conclusion of this litigation, including any appeals (for the avoidance of any doubt, this provision shall not prohibit a person receiving Confidential information from representing a party in any post-grant proceeding before the United States Patent and Trademark Office so long as such practice does not formally or informally involve claim amendment practice); and

(ii) shall not prepare or assist in the drafting of any correspondence or communications with Food & Drug Administration, including Citizen's Petitions, with respect to NDA 208-411 or ANDA No. 211561 during the pendency of this case and for one year after the conclusion of this litigation, including any appeals.

8. Nothing in this Discovery Confidentiality Order shall prevent disclosure of Confidential Information if the producing party consents to such disclosure or if the Court, after notice to all parties, orders such disclosure. All Confidential Information disclosed pursuant to this Order shall not be disclosed to any third party (including, but not limited to, the FDA and the United States Patent and Trademark Office ("PTO")), and shall be used by a recipient thereof solely for the purposes of this litigation and not for any other purpose whatsoever (including but not limited to any business or competitive purpose).

9. It shall be the duty of each party and each individual having notice of this Discovery Confidentiality Order to comply with this Order from the time of such notice.

10. By written agreement of the parties, or upon motion and order of the Court, the individuals designated under Paragraph 7(a)(ii) to whom Confidential Information may be disclosed may be modified or expanded, provided that the individual executes Exhibit A as required under Paragraph 13.

11. If a producing party seeks to protect Confidential Information from public disclosure or use during a trial, court appearance or hearing which is open to the public (a "Court Disclosure"), the producing party shall make an application to the Court to restrict such disclosure or use, unless consent from the receiving party is previously obtained. Such application may be made at any time before the Court Disclosure or within ten (10) business days after the Court Disclosure.

12. Any party filing any document, material or information designated by another party as "CONFIDENTIAL" shall comply with Local Civil Rule 5.3(c) to seal such document, material or information to prevent public disclosure. In supplementation of Local Civil Rule 5.3(c)(4), before filing any redacted public copy, a "proposed redacted copy" shall be provided to the opposing party(ies), reasonably in advance of the filing deadline, to allow additional redactions to be designated and/or unnecessary redactions to be removed. The parties will work together in good faith to jointly prepare the motion and supporting documents required by Local Civil Rule 5.3(c)(3) and, should the need arise, will seek additional time to file any redacted public copy.

Nothing in this provision relieves a party of liability for damages caused by the electronic filing of Confidential Information or for damages caused by failure to properly file under seal documents or materials containing Confidential Information.

13. No person identified in Paragraph 7(a)(ii) shall be given access to Confidential Information unless such person shall first have signed a Declaration of Compliance with this Order in the form attached as Exhibit A hereto. No person identified in Paragraph 7(a)(iii) shall be given access to Confidential Information unless such person shall first have signed a Declaration of Compliance with this Order in the form attached as Exhibit B hereto.

14. Before any person identified in Paragraphs 7(a)(ii)-(iii) may be given access to Confidential Information, the party seeking to provide such access shall deliver a copy of the Declaration referred to in Paragraph 13, fully executed by such person, and written notice (by email) to the attorneys for the producing party of the intention to make such disclosure. In the case of a disclosure to persons identified in Paragraphs 7(a)(ii) hereof, the notice shall state the individual's name and position. In the case of a disclosure to persons identified in Paragraph 7(a)(iii) hereof, the notice shall state the name and address of the person to whom disclosure is proposed and include a curriculum vitae and an identification of the person's job title and responsibilities.

15. For proposed disclosures to persons identified in Paragraphs 7(a)(ii) or (iii), hereof, the producing party, within five (5) business days from receiving service of written notice provided pursuant to Paragraph 14 hereof, may object to such disclosure by delivery (by email) of a written notice of objection on the attorneys for the party seeking to make the disclosure, stating the reasons for the objection. No disclosure of Confidential Information may occur prior to the expiration of five (5) business days from the date of service of the written notice of intent to disclose unless consent is granted earlier by the producing party or Ordered by the Court. Consent pursuant to the provisions of this paragraph shall not be unreasonably withheld. If the producing party objects to the disclosure and gives written notice thereof, and the parties are unable to resolve the objection, the party opposing the disclosure must file a motion for protective order within ten (10) business days of giving the written notice of objection; otherwise, the information may be disclosed to the identified person. If such a motion is made, no disclosure may be made until the objection is resolved by agreement of the designating and receiving parties or the Court denies the motion. Failure to timely object to the disclosure based on information then-disclosed in the written notice

pursuant to Paragraph 14 hereof shall operate as a waiver of the objection. Waiver as to a specific disclosure shall not constitute waiver for any subsequent disclosures. In the event that a motion is made, the objecting party shall have the burden of proving that disclosure should not occur.

16. Nothing herein shall prevent a producing party from disclosing its own Confidential Information in any manner that it considers appropriate.

17. Nothing herein shall bar or otherwise restrict counsel from rendering advice to his or her client with respect to this litigation and, in the course thereof, referring to or relying upon his or her examination of Confidential Information. In rendering such advice and in otherwise communicating with his or her client, counsel shall not disclose any Confidential Information if such disclosure would be contrary to the provisions of this Discovery Confidentiality Order.

18. If a party is served with a subpoena, discovery request in another action, or any other request seeking by legal process the production of documents, things, information or other material produced to it and designated as Confidential Information in this action, such party shall notify promptly the producing party so as to provide the producing party a reasonable opportunity to object to the production.

19. If an additional party joins or is joined in this action, the newly joined party shall not have access to Confidential Information until the parties agree to a supplemental Discovery Confidentiality Order governing the protection of Confidential Information.

20. Any third party from whom discovery is sought in this action may designate some or all of the documents, things, information or other material as Confidential Information under this Discovery Confidentiality Order. If it does so, then each party to the action will have with respect to such Confidential Information the same obligations which that party has with respect to Confidential Information of another party to this action.

**Duration of Order, Objections, Modifications**

21. This Discovery Confidentiality Order shall remain in force and effect indefinitely until modified, superseded or terminated by Order of this Court, which may be entered pursuant to agreement of the parties hereto. This Discovery Confidentiality Order shall continue in effect after termination of this action and continue to be binding upon all persons to whom Confidential Information is disclosed hereunder.

22. Upon final termination of this action (including all appeals) the receiving party shall, within sixty (60) calendar days of such termination, either return to the producing party or destroy all Confidential Information in its possession, including, but not limited to, information stored in electronic form. In either event, the receiving party shall certify to the producing party their return or destruction, with the exception that outside counsel may retain subject to the provisions of this Discovery Confidentiality Order one copy of the pleadings or other papers filed with the Court or served in the course of the litigation, deposition transcripts, deposition exhibits, hearing transcripts, and any hearing or trial record (including without limitation all bench memoranda, PowerPoint slides, and exhibits).

23. If the receiving party desires to disclose Confidential Information to persons not qualified to receive it under this Order or if the receiving party disagrees with a designation made under Paragraph 7 by the producing party, then the receiving party and the producing party shall first try to resolve such dispute. If the dispute cannot be resolved, either party may seek a ruling from the Court. Pending a determination by the Court, such information shall be treated under this Order as Confidential Information as designated by the producing party.

**No Waiver of Privileges**

24. If information that is otherwise properly subject to a claim of attorney-client privilege, attorney work-product immunity, or any other privilege or immunity protecting it from discovery is inadvertently produced, the fact or circumstances of such inadvertent production shall in no way be relied upon as a ground to support any argument that the information is no longer subject to the privilege or immunity. Nor shall such inadvertent production prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product immunity or other ground for withholding production to which the producing party or other person otherwise would be entitled, either in whole or in part, in this litigation or in any other proceeding. If a written claim of inadvertent production is made pursuant to this paragraph, upon receipt of such written notice, the receiving party shall promptly destroy or return to the producing party (i) the inadvertently produced material, (ii) any and all copies or reproductions thereof, and (iii) any and all copies of summaries or notes based thereon or relating thereto, of which the receiving party is aware. If the receiving party wishes to challenge the claim that the information would have properly been subject to a privilege or immunity before it was inadvertently produced, it must notify the producing party of its challenge within ten (10) business days of receiving the notice of inadvertent production, and move the Court for a ruling on the propriety of the claim of privilege or immunity within ten (10) business days of receiving the notice of inadvertent production, unless such time period if extended by mutual agreement of the parties. During the pendency of such motion, the receiving party shall make no other use or disclosure of the subject material or the information contained therein. The producing party shall bear the burden of proving that the inadvertently produced documents or materials are privileged or immune from discovery. If the receiving party prevails on its challenge to the producing party's claim of privilege or immunity, the producing

party shall promptly reproduce the material to the receiving party. Once information or a document containing the information has been used during a deposition; used as an exhibit to a filing with the Court; identified for potential use at trial, including in expert reports or discovery responses; or otherwise disclosed to the Court, the producing party has thirty (30) calendar days from the date of disclosure to provide notice of the inadvertent production. Notwithstanding any other provision of this Discovery Confidentiality Order, failure to provide notice within this thirty-day period shall constitute a waiver of any and all applicable privileges and immunities with respect to the inadvertently produced documents or information only.

25. If any Confidential Information is disclosed through inadvertence or otherwise by a receiving party to any person or party not otherwise authorized to receive such information under this Discovery Confidentiality Order, then the receiving party responsible for the disclosure shall (i) use its best efforts to obtain the return of such information and to bind such non-authorized person or party to the terms of this Discovery Confidentiality Order; (ii) within three (3) business days of the discovery of such disclosure, inform such person or party of all provisions of this Discovery Confidentiality Order and request that such person or party sign the appropriate Declaration of Compliance with this Discovery Confidentiality Order in the form attached as Exhibit A or Exhibit B hereto as required under Paragraph 7 and 13; and (iii) within five (5) business days of the discovery of such disclosure, inform the producing party of all pertinent facts relevant to such disclosure, including the identity of such person or party and the information disclosed thereto.

**No Waiver of Right to Appropriately Withhold or Redact**

26. Notwithstanding the provisions of this Discovery Confidentiality Order, parties may redact from any document, whether or not designated Confidential Information under this

Order, any information containing privileged material or material protected by work-product immunity.

**Amendment**

27. This Discovery Confidentiality Order may be amended upon agreement of the parties and order of this Court. Nothing in this Discovery Confidentiality Order shall prejudice the right of any party to seek at any time a further order modifying this Discovery Confidentiality Order.

28. This Discovery Confidentiality Order shall remain in force and effect indefinitely until modified, superseded, or terminated by order of this Court.

**Other Remedies**

29. Nothing herein shall prevent any party or nonparty from seeking additional or different relief from the Court not specified in this Order.

**Miscellaneous**

30. No party shall be responsible to another party for any use made of information that was produced and not designated as Confidential Information, except to the extent a party is required to perform the duties set forth in Paragraph 4 above.

31. Nothing in this Discovery Confidentiality Order shall prejudice the right of any party to oppose production of any information for lack of relevance, privilege, or any ground other than confidentiality. In the event that a new party is added, substituted, or brought in, this Discovery Confidentiality Order will be binding on and inure to the benefit of the new party, subject to the right of the new party to seek relief from or modification of this Discovery Confidentiality Order.

32. Notice under this Discovery Confidentiality Order shall be to the parties as follows, unless this provision is modified by the parties in writing and filed with this Court: notice to Plaintiffs shall be made to Jessamyn S. Berniker, Williams & Connolly LLP, 725 Twelfth Street, N.W., Washington, D.C. 20005, with a copy emailed to jberniker@wc.com, and notice to Defendants shall be made to J.C. Rozendaal, Sterne, Kessler, Goldstein & Fox P.L.L.C., 1100 New York Avenue NW, Suite 600, Washington, DC 20005, with a copy emailed to jrozendaal@skgf.com.

IT IS SO STIPULATED AND AGREED this 21st day of February, 2020:

By: s/ Charles H. Chevalier
Charles H. Chevalier
J. Brugh Lower
GIBBONS P.C.
One Gateway Center
Newark, New Jersey 07102-5310
(973) 596-4500

*Attorneys for Plaintiffs Adapt Pharma Operations Limited, Adapt Pharma Inc., Adapt Pharma Limited, and Opiant Pharmaceuticals, Inc.*

OF COUNSEL:
Jessamyn S. Berniker
Ana C. Reyes
David M. Krinsky
David M. Horniak
Jessica Palmer Ryen
Anthony Sheh
Kevin Hoagland-Hanson
Youlin Yuan
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005
(202) 434-5000

By: s/ Liza M. Walsh
Liza M. Walsh
Hector D. Ruiz
Eleonore Ofosu-Antwi
William T. Walsh, Jr.
WALSH PIZZA O'REILLY FALANGA LLP
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, New Jersey 07102
(973) 757-1100

OF COUNSEL:
J.C. Rozendaal
Michael E. Joffre
Paul A. Ainsworth
STERNE, KESSLER, GOLDSTEIN & FOX P LLP
1100 New York Avenue NW,
Suite 600
Washington, DC 20005
(202) 371-2600

*Attorneys for Defendants Teva Pharmaceuticals USA, Inc., and Teva Pharmaceuticals Industries Ltd.*

*Attorneys for Plaintiffs Adapt Pharma Operations Limited, Adapt Pharma Inc., and Adapt Pharma Limited*

Robert F. Green
Jessica Tyrus Mackay
GREEN GRIFFITH & BORG-BREEN LLP
676 North Michigan Avenue
Suite 3900
Chicago, Illinois 60611
(312) 883-8000

*Attorneys for Plaintiff Opiant Pharmaceuticals, Inc.*

**IT IS SO ORDERED:**

______________________________________________

Hon. Joseph A. Dickson, U.S.M.J. Dated

**EXHIBIT A**

| | |
|---|---|
| **ADAPT PHARMA OPERATIONS LIMITED, ADAPT PHARMA INC., ADAPT PHARMA LIMITED and OPIANT PHARMACEUTICALS, INC,**<br><br>**Plaintiffs,**<br><br>**V.**<br><br>**TEVA PHARMACEUTICALS USA, INC. and TEVA PHARMACEUTICALS INDUSTRIES LTD.**<br><br>**Defendants.** | **Civil Action No. 18-cv-05752-BRM-JAD** |

**DECLARATION OF COMPLIANCE**

I, ____________________________________, do declare and state as follows:

1. I am employed as (state position) _____________________________________ by (state name and address of employer) _______________________________________________.

2. I have read the Discovery Confidentiality Order entered in this case, a copy of which has been given to me.

3. I understand and agree to comply with and be bound by the provisions of the Discovery Confidentiality Order, including that upon receipt of any Confidential Information, I will be personally subject to it, and to all of its requirements and procedures.

4. I understand that if I receive Confidential Information pursuant to this Order I will not disclose, summarize, describe, reveal, or otherwise make available that Confidential Information to any third party.

5. I understand that if I receive Confidential Information pursuant to this Order I will not use that Confidential Information for any purpose other than in connection with this litigation and not for any competitive business purpose.

6. I agreed that if I receive Confidential Information pursuant to this Order I will not prepare, prosecute, or assist in the drafting or amending of patent claims in any domestic or foreign patent application pertaining to naloxone nasal spray formulations, devices for use thereof, or methods of use thereof during the pendency of this case and for one year after the conclusion of this litigation, including any appeals.

7. I agree that if I receive Confidential Information pursuant to this Order I will not prepare or assist in the drafting of any correspondence or communications with Food & Drug Administration, including Citizen's Petitions, with respect NDA 208-411 during the pendency of this case and for one year after the conclusion of this litigation, including any appeals.

8. I agree that I will be subject to the jurisdiction of the United States District Court for the District of New Jersey for purposes of enforcement of the Discovery Confidentiality Order.

9. I understand that unauthorized disclosure of any designated Confidential Information, or its use for any purpose other than this litigation, may constitute contempt of this Court and may subject me to sanctions or other remedies that may be imposed by the Court and or potential liability in a civil action for damages by the producing party.

10. At the final termination of this litigation, I will return to counsel or destroy all documents or things consisting of or containing Confidential Information.

11. I declare, as provided by 28 U.S.C. Section 1746, under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct.

Executed this _____________ day of __________________, 202__.

_______________________________________________

**EXHIBIT B**

| | |
|---|---|
| **ADAPT PHARMA OPERATIONS LIMITED, ADAPT PHARMA INC., ADAPT PHARMA LIMITED and OPIANT PHARMACEUTICALS, INC,**<br><br>**Plaintiffs,**<br><br>**V.**<br><br>**TEVA PHARMACEUTICALS USA, INC. and TEVA PHARMACEUTICALS INDUSTRIES LTD.**<br><br>**Defendants.** | **Civil Action No. 18-cv-05752-BRM-JAD** |

**DECLARATION OF COMPLIANCE**

I, ______________________________________, do declare and state as follows:

1. I live at ____________________________________. I am employed as (state position) ________________________________________________ by (state name and address of employer) _________________________________________________________________________________.

2. I have read the Discovery Confidentiality Order entered in this case, a copy of which has been given to me.

3. I understand and agree to comply with and be bound by the provisions of the Discovery Confidentiality Order, including that upon receipt of any Confidential Information, I will be personally subject to it, and to all of its requirements and procedures.

4. I agree that I will be subject to the jurisdiction of the United States District Court for the District of New Jersey for purposes of enforcement of the Discovery Confidentiality Order.

5. I understand that unauthorized disclosure of any designated Confidential Information, or its use for any purpose other than this litigation, may constitute contempt of this

Court and may subject me to sanctions or other remedies that may be imposed by the Court and or potential liability in a civil action for damages by the producing party.

6. At the final termination of this litigation, I will return to counsel or destroy all documents or things consisting of or containing Confidential Information.

7. I declare, as provided by 28 U.S.C. Section 1746, under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct.

Executed this _____________ day of __________________, 202__.

______________________________________________